## No. 384

No. 20029—Board of Park Commissioners of Cleveland Metropolitan Park District v. Wyman, et al. Error to the Court of Appeals of Medina County.

93. APPROPRIATION OF PROPERTY—
1. Power to suspend "any order" by virtue of 3695 GC. authorizes the trial court to suspend execution of its order confirming assessment by jury of compensation for property, pending prosecution of error; and to fix just terms upon which suspension will be granted.

2. Where no suspension of execution is granted, and no payment of compensation is made, municipality's right to make appropriation on terms of assessment theretofore made, terminates in six months from date of assessment of compensation, even though error proceedings are pending.

ROBINSON, J.

1. The provision of Section 3695, General Code, "the municipal corporation or the owner of property the value of which has been assessed as herein provided, may prosecute error as in other civil actions," does not repeal by implication or modify the provision of Section 3697, General Code, "when the municipal corporation makes an appropriation of property and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its right to make such appropriation on the terms of the assessment so made, shall cease and determine.'

2. The provision of Section 3695, General Code, "the trial court, upon proper terms, may suspend the executio nof any order," and the provision of Section 3697, General Code, "when a municipal corporation makes an appropriation of property and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its right to make such appropriation on the terms of the assessment so made shall cease and determine," were originally enacted in 1869 as parts of the same bill, and have been carried into reenactments in substantially the same form ever since, and are in pari materia and will be so construed as to give force to each.

3. Power to suspend "any order," conferred upon the trial court by Section 3695, General Code, is broad enough to authorize that court to suspend the execution of its order confirming the assessment by a jury of

compensation for property, pending the prosecution of error, and to fix just and equitable terms upon which the suspension will be granted. The only limitation upon that power is the limitation found in that section and the limitation that is applicable to all discretion, namely, that it be not abused.

4. Section 3697, General Code, is not a limitation upon the powe rof the trial court to suspend the execution of its order, confirming the assessment by a jury of compensation for property, for a period beyond the six months limitation provided in that section.

5. Where no suspension of execution has been granted and no payment or deposit of compensation has been made, the right of the municipality to make such appropriation on the terms of the assessment theretofore made terminates at the end of six months from the date the assessment of compensation by the jury is confirmed by the trial court, notwithstanding error proceedings are pending.

Judgment affirmed .

Day, Allen, Kinkade, Jones and Matthias, JJ., concur.

---

## No. 385

No. 19985—Charles H. Weeden v. Harriett W. Weeden. Error to the Court of Appeals of Franklin County.

413. DIVORCE—Under Art. IV., Sec. 6 a Court of Appeals can, in a divorce proceeding, reverse the Common Pleas on the weight of the evidence.

ALLEN, J.

Under Article IV, Section 6, of the Ohio Constitution, a Court of Appeals has jurisdiction to reverse a judgment entered in a divorce action by a court of common pleas upon the ground that such judgment is contrary to the weight of the evidence.

Judgment affirmed.

Marshall, CJ., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.